# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA, ex rel.**
**MARY J. PATZER and PETER CIMMA,**
       **Plaintiffs,**

v.                                                            Case No. 11-C-0560

**SIKORSKY AIRCRAFT CORPORATION,**
**SIKORSKY SUPPORT SERVICES, INC., and**
**DERCO AEROSPACE, INC.,**
       **Defendants.**

## DECISION AND ORDER

In the present case under the False Claims Act, the United States alleges that the defendants submitted false claims for payment to the Navy under a contract in which the defendants provided spare parts for the Navy's trainer aircraft. In a prior decision on the parties' motions for partial summary judgment, I determined that the contract at issue was a cost-plus-a-percentage-of-cost arrangement prohibited by 10 U.S.C. § 2306(a). *United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, __ F. Supp. 3d __, 2021 WL 5563954 (E.D. Wis. Nov. 29, 2021). The parties continue to take discovery on other aspects of the case, including whether the defendants' conduct amounted to a violation of the False Claims Act. Before me now is the defendants' motion to compel the United States to produce a witness under Federal Rule of Civil Procedure 30(b)(6) to testify on certain disputed topics.

Rule 30(b)(6) permits a party to name as a deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity." Fed. R. Civ. P. 30(b)(c). The rule requires the party to "describe with reasonable particularity

the matters for examination." *Id.* The rule further requires the named organization to designate an agent to testify on the organization's behalf. The "persons designated [by the organization] must testify about information known or reasonably available to the organization." *Id.* Rule 30(b)(6) serves several purposes: it reduces the difficulties encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent"; it curbs the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization; and it assists organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. *Doxtator v. O'Brien*, No. 19-C-137, 2020 WL 3893992, at *1 (E.D. Wis. July 10, 2020) (citing Advisory Committee Notes on Rule 30(b)(6)).

The scope of Rule 30(b)(6) is limited by Rule 26, which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 also allows a court to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Finally, Rule 26 requires that the court limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

In the present case, the defendants have served a notice of a Rule 30(b)(6) deposition on the United States that designates six topics. The government has agreed to produce a witness to testify on four of the topics, and so only two topics are at issue in the motion to compel: Topic 1 and Topic 4. I discuss each in turn.

A.     **Topic 1: Percentage Markups in Other Contracts for Spare Parts**

The defendants ask the government to produce a witness who is prepared to testify about "[t]he use of percentage markups or Wrap Rates on [Department of Defense] contracts for spare parts to establish or evaluate a firm-fixed price, including the determination of a fair and reasonable price." (ECF No. 199-10 at 7, ¶ 1.) The defendants contend that this topic is relevant to the objective reasonableness of their conduct and to damages. I start with objective reasonableness. Presumably, the defendants here refer to the standard for establishing that a person "knowingly" submitted a false claim. *See* 31 U.S.C. § 3729(a)(1)(A). Under this standard, a defendant does not knowingly submit a false claim by acting under an incorrect, but objectively reasonable, interpretation of a statute in the absence of authoritative guidance cautioning against the interpretation. *See United States v. Supervalu Inc.*, 9 F.4th 455, 468–72 (7th Cir. 2021). I thus understand the defendants to be arguing that Topic 1 is relevant to their defense that they were acting under an objectively reasonable interpretation of 10 U.S.C. § 2306(a), which is the statute prohibiting cost-plus-a-percentage-of-cost contracting. But I find that the topic is not relevant to this defense. The topic asks for evidence concerning markups used in firm-fixed-price contracts. Firm-fixed-price contracts are not subject to § 2306(a), and therefore that provision places no restrictions on how firm-fixed prices are calculated. The relevant

requirement for fixed-price contracts is that the price be agreed to at the time of contracting, rather than during contract performance. *See Patzer*, 2021 WL 5563954, at *6. Here, the defendants' contract was deemed unlawful under § 2306(a) because no fixed price was agreed to at the time of contracting and the price varied depending on the defendants' performance costs, not because the defendants charged an unreasonable fixed price. *Id.* at *9. Thus, evidence concerning how firm-fixed prices have been calculated or evaluated would not be relevant to the objective reasonableness of the defendants' interpretation of § 2306(a).

As for damages, I understand the defendants to be arguing that evidence of markups in fixed-price contracts for spare parts is relevant to establishing the reasonable value of the goods and services that the defendants provided to the Navy. This value may be relevant because, when a government contract is declared void as a cost-plus-a-percentage-of-cost arrangement after the contractor supplied goods or services to the government, the contractor may be entitled to reimbursement on a *quantum valebant* or *quantum meruit* basis. *See Urban Data Systems, Inc. v. United States*, 699 F.2d 1147, 1154–55 & n.8 (Fed. Cir. 1983). The difference between the price the defendants actually charged under their contract with the Navy and the equitable reimbursement amount could represent a measure of the government's damages in this case.

Here, I agree that evidence of prices used in other contracts for spare parts has some marginal relevance to this issue of damages, as such prices could be evidence of a reasonable market value. However, the defendants have broadly requested that the government's witness be prepared to testify about all contracts involving spare parts

4

and fixed prices entered into by any Department of Defense agency since 1990. The defendants have not tailored their request to contracts that might be comparable to their contract for supplying trainer aircraft parts to the Navy and thus reflective of the reasonable market value of the goods and services that they provided. Further, the government has submitted evidence showing that it is impossible for a witness to reasonably identify, collect, and review all contracts for spare parts and be prepared to testify about them at a deposition. (Decl. of Scott R. Calisti ¶¶ 9–10.) Given the overbreadth of the defendants' topic and the government's inability to reasonably prepare a witness to be questioned about it, I find that a Rule 30(b)(6) deposition on this topic is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the defendants' motion to compel a deposition on this topic will be denied.

**B.     Topic 4: Government Knowledge of Defendants' Markup**

The defendants ask the government to produce a witness who will be prepared to testify about the government's "official knowledge" of the defendants' markup and their contract's lack of firm-fixed prices. (ECF No. 199-10 at 7, ¶ 4.) This topic relates to the defendants' contention that the government was always aware of the defendants' pricing methodology, including the 32% markup. The defendants extensively explored this topic when they took the depositions of the specific government officials who were involved with the contract. The defendants report that some government witnesses admitted to being aware of the markup and that other witnesses could not remember anything about the relevant facts. The defendants now seek to have a Rule 30(b)(6) witness testify on the same topic so that they can "obtain a complete record of the government's knowledge" of the markup. (Mot. to Compel at 3, ECF No. 198.)

I conclude that, because the defendants have already exhausted the knowledge of the relevant government officials on this topic, a Rule 30(b)(6) deposition would be unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(1). To be prepared to answer questions on this topic, the Rule 30(b)(6) witness would have to interview the same witnesses that the defendants already deposed (or read the transcripts of those witnesses' depositions). That is so because the knowledge of those witnesses *is* the "information known or reasonably available to the organization" within the meaning of Rule 30(b)(6). *Cf. Prime Eagle Grp. Ltd. v. Steel Dynamics, Inc.*, 614 F.3d 375, 378 (7th Cir. 2010) ("Corporations do not have brains, but they do have employees. One fundamental rule of agency law is that corporations 'know' what their employees know—at least, what employees know about subjects that are within the scope of their duties."). Thus, the Rule 30(b)(6) witness could not provide the defendants with any information that they did not already obtain during the depositions of the individual witnesses.

The defendants contend that a Rule 30(b)(6) deposition is necessary because certain witnesses could not remember various details during their depositions. But Rule 30(b)(6) does not confer omniscience on the organization: an organization's knowledge is limited by the knowledge of its officers and employees, and therefore a Rule 30(b)(6) witnesses cannot fill in the gaps in its employees' memories. It is possible that the defendants want the Rule 30(b)(6) witness to take a position on whether the government "knows" what some witnesses testified to knowing and others couldn't remember. But this is not the function of Rule 30(b)(6). Whether a given employee's knowledge is imputed to the organization is a question of agency law. If the defendants

wish to know the government's position on whether it is bound by the knowledge of the remembering witnesses, then it should serve a contention interrogatory or a request for admission, which are proper ways to obtain information about an opposing party's legal position. *Compare A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001) (testimony of Rule 30(b)(6) witness is not a judicial admission by party), *with Shah v. Inter-Cont'l Hotel Chicago Operating Grp.*, 314 F.3d 278, 282 (7th Cir. 2002) (contention interrogatories may be used to "smoke out the plaintiff's theory of the case"), *and* Fed. R. Civ. P. 36(a)(1)(A) (requests for admission may be used to obtain admissions about "the application of law to fact").

Accordingly, the defendants' motion to compel a Rule 30(b)(6) deposition on Topic 4 will be denied.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion to compel (ECF No. 198) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge